[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court are the plaintiff's post verdict Motions for Additur and to Set Aside the Verdict. The plaintiff asks that the CT Page 1194 verdict be set aside claiming that it is a) contrary to law; b) against the evidence; and c) inadequate.
In this action the plaintiff, Karendale Waskewicz, sought to recover for personal injuries she sustained in a 1993 motor vehicle accident caused by the defendant, William DeTullio. The plaintiff claimed more than $16,000 in medical bills, together with lost wages, loss of earning capacity, permanent injury, and suffering. At trial the defendant admitted negligence, but disputed the extent of the resulting injuries and damages. The jury returned a verdict in favor of the plaintiff and awarded her $4,293 in economic damages, but did not award her any damages for pain and suffering or other noneconomic damages.
The motions are denied. The jury could reasonably have found as it did.
The post verdict motions raise three issues, one relating to whether a mistrial motion was appropriately denied; another relating to whether the verdict was contrary to law because of a charge about the effect of a prior assessment of percentage of partial bodily impairment in a workers' compensation proceeding, and a final issue relating to whether, in light of the evidence, the jury could have reasonably awarded the sum it did. The Court will consider each in
The court first considers the plaintiff's exception to the court's refusal to grant a mistrial occasioned by a reference the defense attorney made in his opening argument to the jury that the Social Security Administration found the plaintiff to be totally disabled prior to the time of the motor vehicle accident which gave rise to this lawsuit. The jury was not bound by any of the determinations of the Social Security Administration and any determinations it made were irrelevant to this proceeding. In a curative instruction, the court instructed the jury that they should disregard that portion of the opening remarks and that they would be required to make their own independent determination as to her disability or loss of earnings capacity. The court does not find that any injustice was done here because the jury is presumed to have followed the court's instructions. Nor does the court find that there was any intent to taint the proceedings by the defense's counsel because although his opening reference was maladroit some evidence from the Social Security Administration proceeding was clearly admissible and was admitted at trial. Statements that the plaintiff made in those proceedings were relevant to her claim that the collision disabled her from work. If she were unable to do CT Page 1195 substantial work of any kind because of a pre-existing condition, then that fact would bear on her claim that the defendant's later negligence caused her to be unable to work. The court allowed into evidence plaintiff's statement that she was unable to perform substantial work of any kind. The statement was made to the Social Security Administration prior to the injuries sustained in this accident, and was offered — and certainly was admissible — as a party's admission relating to whether loss of earnings and disability damages resulted from injuries sustained in this accident or from other causes.
The court next considers the plaintiff's objection to the court's instructions to the jury concerning workers' compensation. At trial, the court charged, "Now, I need to address something as to workers' compensation. There's evidence that Ms. Waskewicz received a job related injury in 1984 while an employee, and that she received a disability rating of 20 percent of the low back in connection with that job injury. Mr. DeTullio would not be liable for the 1984 back injury, and whatever worker's compensation payments she received for that would not affect any sums to which she might be entitled to recover from Mr. DeTullio as a result of Mr. DeTullio's 1993 negligence, if you find that she received an additional 5 to 10 percent disability of the back or other injury as a result of being struck by him." The court believes this to be a fair and correct statement of the law and a sufficient guide to the jury.
The plaintiff also urges that the verdict be set aside because the court said: "I need to address something as to workers compensation" before a later discussion of preexisting injury. After listening to the tape of the charge, it is clear that the court after telling the jury it would reread something already read, temporarily lost its place, paused and began to read those words from a paragraph delivered a few minutes earlier, paused again and returned to the sentence it really intended to reread and repeated it. The court had previously instructed the jury to consider the charge as a whole and concludes that this miscue worked no injustice, and could not have misled the jury as to any point of law, since it was obvious to the listener what happened and the surrounding context which dealt with the effect of preexisting injury was not harmed. Therefore, the verdict will not be set aside for that reason.
Finally, the court considers the plaintiff's claim that the court should set aside the verdict because the jury awarded her only CT Page 1196 $4,293 of her claimed $16,015.06 economic damages, and nothing for her other claimed noneconomic damages including pain and suffering. The plaintiff claimed more than $16,000 in medical bills, pain, lost wages, loss of earning capacity and permanent injury. Because of the substantial prior medical history, the jury could have concluded that only some of the claimed medical expense had been proved to be related to DeTullio's negligence. The jury could reasonably have concluded that it was reasonable for her to have consulted physicians and undergone diagnostic tests to determine what injury may have occurred but that at some point in time these expenses were no longer reasonably related to the defendant's negligence but to her pre-existing condition. The decision to deny a motion for additur is a matter of judicial discretion. Childs v. Bainer,235 Conn. 107, 109, 663 A.2d 398 (1995). The court in Childs provided us this guidance: "The trial court's refusal to set aside the verdict or to order an additur is entitled to great weight and every reasonable presumption should be given in favor of its correctness. . . . If, on the evidence, the jury could reasonably have decided as they did, [the reviewing court] will not find error in the trial court's acceptance of the verdict. . . ." Id., 112-113. "We have considered whether: (1) the jury award `shocks the conscience'; . . . (2) the plaintiff, who has proved substantial injuries, is awarded inadequate damages; . . . (3) the verdict is `inherently ambiguous.'" Id., 114-115. Addressing the last prong first, the court finds nothing inherently ambiguous in the verdict. Nor does it shock the conscience. The jury was told to use the plaintiff's verdict form. No defendant's verdict was submitted to them. The case was well tried by both the plaintiff and the defendant. The plaintiff has obvious physical impairments. Both the plaintiff and the defendant offered expert evidence that an impairment resulted from the DeTullio accident, which differed only in the degree of impairment. However, the jury was not bound by the opinion of either expert. The defense theory of the case was that the impact of the collision was very slight, the plaintiff sought no immediate medical attention, had complained of serious problems in the same parts of the body from other prior job related and automobile accidents and that not only the noneconomic damages but also a substantial part of the economic damages were not related to any negligence on the part of Mr. DeTullio. As finders of fact, the jury could have reasonably adopted that view of the evidence and therefore the court cannot find that the damages awarded were inadequate, or that the amount awarded shocked the conscience. The extent of the plaintiff's injuries and damages were hotly disputed at trial. The record of the defendant's cross examination of the plaintiff about prior injuries, about pre-existing complaints about CT Page 1197 land treatment of chronic pain, and pre-existing limitations on physical movement shows this. There was substantial evidence that prior to the July 30, 1993 collision with the defendant's car, the plaintiff sustained serious bodily injuries. There was evidence that the plaintiff suffered a prior job injury to her lower back; that she was also seriously injured previously when her car was struck by a tractor-trailer in December of 1990; that she had been treated by physicians prior to this accident with a panoply of pain relievers including acupuncture but still suffered pain; and that she suffered additional injuries in another unrelated subsequent motor vehicle accident in 1996 shortly before trial.
The jury was instructed that the law permitted it to award damages against the defendant only if the defendant was responsible for proximately causing or aggravating the plaintiff's injuries. As finder of fact, the jury was free to conclude, as it did, that some of plaintiff's damages were not caused or aggravated by the defendant's negligence, and that in light of the plaintiff's prior medical history and pain treatment, she did not suffer any loss of income or earnings or pain and suffering or other bodily impairment as a result of the defendant's negligence. The ". . . law of this state does not recognize the principle that awards limited to economic damages are inadequate as a matter of law and must be set aside, or the principle that a fact finder must award noneconomic damages each time it awards economic damages." Childs v. Bainer,
supra, at 121. Findings of fact in a jury trial are the jury's function. "The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury."Mather v. Griffin Hospital, 207 Conn. 125, 138, 540 A.2d 666
(1988).
For these reasons, the court denies the plaintiff's post verdict Motions for Additur and to Set Aside the Verdict.
Flynn, J.